# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAUL SCOTT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0106** (BOR Appeal No. 2047668)
(Claim No. 2011032503)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul Scott, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 11, 2013, in which the Board affirmed a September 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 14, 2011, decision granting Mr. Scott no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scott worked for Spartan Mining Company. On March 25, 2011, while wearing a hard hat, Mr. Scott hit his head on a roof bolt injuring his neck and shoulder. His claim was held compensable for a neck sprain and a sprain of an unspecified site of the shoulder and upper arm. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Scott and found that he had no impairment related to his shoulder injury. Dr. Mukkamala also determined that he had 8% whole person impairment related to his cervical injury based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Cervical Category II of West

1

Virginia Code of State Rules § 85-20-E (2006). Dr. Mukkamala noted that Mr. Scott has a prior injury to the cervical and thoracic regions of his spine. Dr. Mukkamala also noted that in relation to this prior injury, Mr. Scott has already received a 13% permanent partial disability award, of which 8% was related to his cervical impairment. On October 14, 2011, the claims administrator granted Mr. Scott no additional permanent partial disability award because it found that he had been fully compensated for his cervical disability by the prior permanent partial disability award. On September 21, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 11, 2013, leading Mr. Scott to appeal.

The Office of Judges concluded that Mr. Scott did not demonstrate that he was entitled to any permanent partial disability award related to this claim because he was fully compensated for his disabilities by the prior permanent partial disability award. The Office of Judges based this determination on the independent medical evaluation of Dr. Mukkamala because it found that Dr. Mukkamala's evaluation was the only evidence of Mr. Scott's impairment related to this compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Scott argues that he is entitled to an additional 2% permanent partial disability award for his cervical injury based exclusively on Dr. Mukkamala's impairment recommendation under the American Medical Association's *Guides*. Mr. Scott argues that West Virginia Code of State Rules §§ 85-20-64.1, 85-20-64.2, and 85-20-E (2006) are invalid and in conflict with West Virginia Code § 23-4-6(i) (2005).

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Scott has not shown that he is entitled to any additional permanent partial disability award. The evidence in the record shows that he has been fully compensated for his 8% cervical impairment by the 13% permanent partial disability award he received related to cervical and thoracic injuries in a prior claim. Dr. Mukkamala provided the only evidence of Mr. Scott's whole person impairment, and his rating was consistent with the American Medical Association's *Guides* and West Virginia Code of State Rules §§ 85-20-64 and 85-20-E. Mr. Scott's request for an additional permanent partial disability award is inconsistent with this Court's holding in *Gore v. Insurance Commissioner of West Virginia*, No. 11-0612, 2013 WL 1286071, at *5 (Mar. 28, 2013), and he has not demonstrated that Dr. Mukkamala's impairment rating was invalid.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified.